572 A.2d 232

**Mark A. GEORGIANA, Appellant,**

v.

**UNITED MINE WORKERS OF AMERICA, INTERNATIONAL UNION, an Unincorporated Association, by Richard TRUMPKA, Trustee Ad Litem, and District 4, United Mine Workers of America, an Unincorporated Association by David Menhart, Trustee Ad Litem, Richard Trumpka, also known as Richard L. Trumpka, as President of United Mine Workers of Amer-**

ica, International, and David Menhart, also known as David W. Menhart, Individually and as President of District 4, United Mine Workers of America, an Unincorporated Association, and Stephen Webber, also known as Stephen F. Webber, and James T. Davis, Individually and as a General Partner in the Firm of Davis & Davis.

Superior Court of Pennsylvania.

Argued Nov. 14, 1989.

Filed March 27, 1990.

Robert A.W. King, Greensburg, for appellant.

Kathryn L. Simpson, Pittsburgh, for Davis, appellee.

Before CIRILLO, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order granting appellees' preliminary objections in the nature of a demurrer and dismissing appellant's complaint for wrongful use of civil proceedings. Appellant contends that the trial court erred in granting the demurrer because it failed properly to consider all of the well-pleaded facts in his complaint. For the following reasons, we reverse the order below and remand for proceedings consistent with this Opinion.

On December 23, 1985, the United Mine Workers of America and District 4, UMW (hereinafter "UMW"), filed a complaint against appellant and his wife, R. Diane Georgiana, accusing Mrs. Georgiana of fraud in connection with her acceptance of funds for referring UMW members to Alexander Pentacost, Esq., for legal advice. In their complaint, the UMW asked the court to freeze the couple's joint bank account and order them to return all of the payments they received from UMW members. That action was terminated on March 4, 1986 when the UMW and Mrs. Georgiana entered into a settlement agreement pursuant to which the complaint against her and appellant were dropped.

Appellant filed the instant action on December 16, 1986, alleging that the UMW wrongfully had brought civil proceedings against him, and seeking damages of $10,000. The UMW filed preliminary objections on February 9, 1987, in the form of a motion for more specific pleading and for demurrer. On March 13, 1987, the Court of Common Pleas of Fayette County, per the Honorable Conrad B. Capuzzi, granted the UMW's motion for more specific pleading, but denied the demurrer, holding that appellant had pleaded sufficient facts in his complaint that would support an

action against the UMW for wrongful use of civil proceedings. Appellant timely filed his amended complaint on May 14, 1987.

On December 21, 1987, appellant filed a motion to join as additional defendants the UMW's prior counsel, James T. Davis, and Davis' law firm, Davis & Davis (appellees herein). The motion was granted. On March 7, 1988, appellees James T. Davis and Davis & Davis filed preliminary objections in the nature of a demurrer to appellant's amended complaint. On March 15, 1989, over one year later, the Court of Common Pleas of Fayette County, per the Honorable William B. Franks, sustained the preliminary objections of James T. Davis and Davis & Davis, ruling that appellant could not recover for wrongful use of civil proceedings because the action underlying the suit did not terminate in appellant's favor. On March 30, 1989, upon praecipe of appellant, the March 15 order was reduced to judgment. This timely appeal followed.[1]

Appellant argues that the trial court erred in granting appellees' demurrer because it failed properly to consider all of the well-pleaded facts in his complaint.[2] Specifically, he argues that the trial court should have denied appellees' demurrer because his amended complaint contains well-pleaded factual allegations that, if proven, would permit him to recover against appellees for wrongful use of civil proceedings. The principles governing our review of the granting of a demurrer are well-settled.

A preliminary objection in the nature of a demurrer "admits all relevant facts sufficiently pleaded in the complaint, and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences." Prelim-

---

1. Preliminary objections were granted only in favor of James T. Davis and Davis & Davis. Thus, the United Mine Workers of America and District 4, UMW, are not parties to this appeal.

2. Appellant also contends that the court abused its discretion in sustaining appellees' preliminary objections in the nature of a demurrer because it failed to act in conformity with Judge Capuzzi's earlier decision in which he denied a demurrer in the same case. Because of our resolution of appellant's first claim, we need not address the merits of this argument.

inary objections can properly be sustained and a complaint dismissed only in cases that are clear and free from doubt. Any doubt must be resolved against the moving party. Only where it appears with certainty that, upon the facts averred, the law will not permit recovery can the complaint be dismissed and summary judgment entered for the defendant.

*Aetna Electro Co. v. Jenkins,* 335 Pa.Super. 283, 285, 484 A.2d 134, 135 (1984) (citations omitted); *see also Shaffer v. Stewart,* 326 Pa.Super. 135, 141–42, 473 A.2d 1017, 1020 (1984). Thus, in evaluating appellant's claim, we must accept as true all well-pleaded facts in his complaint and determine if appellant has stated a cause of action for wrongful use of civil proceedings.

The Pennsylvania legislature has set forth the elements of a cause of action for wrongful use of civil proceedings as follows:

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) Arrest or seizure of person or property not required. —The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

42 Pa.C.S.A. § 8351. As Judge Wieand noted in *Shaffer v. Stewart, supra,* in order to recover under the statute, three essential elements must be proved: "(1) that the underlying proceedings terminated favorably to the [plaintiff]; (2) that the defendant caused those proceed-

ings to be instituted without probable cause; and (3) malice."

326 Pa.Super. at 140, 473 A.2d at 1020 (quoting *Junod v. Bader*, 312 Pa.Super. 92, 95, 458 A.2d 251, 253 (1983)). We also should note that the statute is in conformity with the *Restatement (Second) of Torts*, § 674 (1977), *see Shaffer v. Stewart, supra* 326 Pa.Super. at 140, 473 A.2d at 1020 (1984), and this Court has cited section 674 of the *Restatement* with approval in several other cases involving claims of wrongful use of civil proceedings. *See Junod v. Bader, supra; Dietrich Indus., Inc. v. Abrams*, 309 Pa.Super. 202, 455 A.2d 119 (1982); *DeSalle v. Penn Cent. Transp. Co.*, 263 Pa.Super. 485, 398 A.2d 680 (1979). With these standards in mind, we turn to the case at bar.

The reasoning behind the trial court's granting the demurrer was as follows. The trial court noted that, in construing the phrase "terminated in favor of the person against whom they are brought," § 674 of the *Restatement* directs reference to *Restatement* § 660, which governs "indecisive termination" of criminal proceedings. *See id.* § 674 comment j. Section 660(a) in turn provides that a termination of proceedings pursuant to an agreement of compromise is not "termination in favor of the person against whom they are brought" for purposes of actions premised on wrongful use of civil proceedings. *Id.; see also Junod v. Baker, supra* (§ 660(a), comment c cited for proposition that when charges dropped because of compromise, accused valued peace more than innocence and court will not allow second action where accused asserts claim of innocence earlier abandoned). Because the proceedings against appellant in the initial suit were terminated by agreement, the trial court found that the underlying lawsuit had not "terminated in appellant's favor." As a result of this finding, the trial court held that appellant's complaint failed to state a cause of action under 42 Pa.C.S.A. § 8351(a)(2).

Appellant contends that the trial court erred in finding that the settlement agreement which terminated the under-

lying suit barred him from recovering under § 8351 because the allegations in his complaint, if accepted as true, would establish that he was not a *party* to that agreement. This argument is fully supported by a review of appellant's amended complaint. Appellant alleged that, although he was a party defendant in the underlying suit, the charges against him were dropped pursuant to a settlement agreement entered into *only* by *Mrs.* Georgiana. *See* Amended Complaint at 5, para. 16–17 (R.R. at 68a). Appellant also specifically averred that "no settlement was demanded from nor reached with [appellant]". *Id.* at 5, para. 17 (R.R. at 68a). From these facts, appellant argues as follows:

> At no time was an agreement of compromise discussed or reached between the UMW and [appellant].... Furthermore, at no time did [appellant] request or accept abandonment of the underlying proceedings out of mercy. [Appellant] was not given the opportunity to consent to any type of compromise as settlement was never discussed with him. The underlying suit containing charges against him was simply discontinued upon settlement with [appellant's wife] ..., without opportunity for [appellant] to show the allegations to be false and clear his name.

Brief for Appellant at 10. Appellant therefore submits that the prior suit did not terminate as a result of a compromise made by *him*, and thus the court's reliance on the construction of "agreements of compromise" suggested by *Restatement* § 660 is inapplicable.

 The trial court rejected appellant's argument by stating that "the [underlying] action was filed at *one* number ... and named both [appellant's wife and appellant] as defendants. Thus the settlement ... is effective against both...." Trial Court Opinion at 3. We cannot agree that the unilateral action of one party in negotiating a settlement necessarily binds another party who did not participate in that settlement, simply because the parties are named defendants in the same suit. We recognize that a settlement with one party may be "effective" against anoth-

er party in the sense that a *fact-finder* could determine that the withdrawal of the entire suit does not represent a termination in *favor* of the second party. Such a conclusion may particularly be likely when, as here, the party defendants are husband and wife. For example, the fact-finder could determine that, even though appellant himself did not negotiate the settlement, his wife acted on his behalf in order to prevent an inquiry into her husband's conduct. *Cf. Restatement (Second) of Torts*, § 660(a), Comment b ("There are two factors common to the situations dealt with in Clauses (a), (b), and (c): First, the charge is withdrawn for a cause not incompatible with the guilt of the accused or the possibility of obtaining his conviction; second, the withdrawal is at the request or with the consent of the accused or is due to something done by him *or on his behalf for the purpose of preventing a full and fair inquiry into his guilt or innocence.*") (emphasis supplied). However, we are convinced that the question whether one defendant's settlement of an action should bind another defendant must depend on the particular circumstances surrounding that settlement, and not upon the status of the parties. We note that this conclusion is in conformity with comment j to § 674 of the *Restatement*, which governs the effect of a withdrawal of civil proceedings:

> Whether a withdrawal or an abandonment constitutes a final determination of the case in favor of the person against whom the proceedings are brought and whether the withdrawal is evidence of a lack of probable cause for their initiation, depends upon the circumstances under which the proceedings are withdrawn.

*Id.* Accordingly, we hold that the effect of appellant's wife's settlement is a question that is properly reserved to the factfinder, and was not a proper ground upon which to grant the demurrer.

In summary, a review of appellant's amended complaint discloses that he has alleged sufficient facts to recover for wrongful use of civil proceedings. Therefore, we reverse

the order granting appellees' demurrer, and remand for proceedings consistent with this Opinion.

Reversed and remanded. Jurisdiction relinquished.