584 A.2d 1011

DRAVO CORPORATION, Appellee,

v.

Frank J. IOLI and Marcia Ioli, His Wife, Who do business as Partners Under the Name of Frank J. Ioli Construction Co., Appellants,

and

David G. Metinko, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 7, 1990.

Filed Jan. 7, 1991.

Edward A. Olds, Pittsburgh, for appellants.

Lauren Fertelmes, Wexford, for Dravo, appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from an order which entered summary judgment against Appellants, Frank J. and Marcia Ioli, who do business as partners under the name of Frank J. Ioli Construction Co., (Defendants below, hereinafter referred to as "Appellants").[1] Appellee Dravo Corporation (hereinafter "Appellee") filed suit against Appellants over a dispute about payment for the sale of construction supplies. Appellants filed a counterclaim premised on 42 Pa.C.S.A.

---

1. The order reads:

> And now to wit this 19th day of December, 1989, after hearing on Plaintiff's Renewed Motion for Summary Judgment, it is hereby ORDERED, ADJUDGED and DECREED:
>
> 1. Judgment is entered on Plaintiff's Complaint in favor of Plaintiff and against Defendant in the sum of $21,256.75 including interest from March 1, 1985 through the date of this Order at the rate of 6% per annum, plus costs.
>
> 2. Judgment is entered on Defendant Ioli's Counterclaim in favor of Plaintiff and against Defendants as to both Count I and Count II of the Counterclaim.
>
> /s/Silvestri Silvestri J.

§ 8351, wrongful use of civil process.[2] Appellants' bankruptcy lawyer, David G. Metinko, was joined as an additional defendant with respect to this counterclaim. The order on appeal followed.[3] We remand.

Appellee drew the trial court's attention to the fact that the involuntary bankruptcy proceedings had been voluntarily dismissed by joint motion, and then successfully argued that the bankruptcy proceeding, as such, did not terminate in favor of Appellants. The statute governing wrongful use of civil proceedings, 42 Pa.C.S.A. § 8351, provides:

(a) Elements of action—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

Appellants request reversal of the order granting summary judgment on their counterclaim, and remand for trial. Their argument is summarized as follows:

2. "[Appellants] alleged [*inter alia*] that [Appellee Dravo] had been guilty of abuse of process and malicious prosecution by virtue of its having commenced and maintained an involuntary bankruptcy case in the United States Bankruptcy Court for the Western District of Pennsylvania against them, in an effort to collect the disputed claim." (Appellants' Brief, at pp. 4–5).

"[T]he courts have uniformly held that an involuntary bankruptcy ... proceeding, which is a special proceeding rather than a criminal prosecution or a civil action in the strict sense, may form the basis for a malicious prosecution action." 40 ALR3d 296, *Action for Malicious Prosecution based on Institution of Involuntary Bankruptcy, Insolvency, or Receivership Proceedings*, § 3. This view is implicitly supported by *Silver v. Mendel,* 93 B.R. 346 (E.D.Pa.1988), *rev'd on other grounds,* 894 F.2d 598 (3d Cir.1990), *cert. denied,* —— U.S. ——, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990).

3. The order was entered by the trial judge in December, 1989. He retired before this appeal was taken. No trial court opinion was therefore filed.

The adequacy of the [counter]claim under the first element is not at issue here. The involuntary bankruptcy petition was dismissed; this is a termination in favor of the [Appellants]. The fact that the dismissal was a voluntary one, as opposed to a termination of the case on the merits is of no relevance. At best, a question of fact is presented as to whether the joint voluntary dismissal was a favorable termination of the proceeding for the [Appellants], permitting this wrongful use of civil process action. It was therefore improper for the lower court to resolve these facts in summary judgment proceedings. (Appellants' Brief, at p. 11.)

Appellee, on the other hand, argues that "where the prior proceeding has been terminated by agreement, settlement or compromise of the parties, such termination, as a matter of law, is deemed to be *not* favorable for the purposes of an action for wrongful use of civil process." (Appellee's Brief, at p. 6.) "The Joint Motion [to discontinue] was the result of a compromise ..." *Id.* "There was neither a voluntary withdrawal nor abandonment of the Involuntary Petition by [Appellee] which would support the inference that the proceeding was instituted without probable cause." *Id.*, at p. 10.

As stated in *Vargo v. Hunt*, 398 Pa.Super. 600, 581 A.2d 625 (1990):

A determination of whether the grant or denial of a motion for summary judgment is to be upheld requires an appellate court to decide whether the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. In making such a finding, we must accept as true all properly pleaded facts, as well as all reasonable inferences which might be drawn therefrom. Furthermore, we shall not disturb the trial court's ruling unless there has been an error of law or a manifest abuse of discretion. [Citations omitted].

Appellant strongly asserts the absence of a settlement (Appellant's Brief, at p. 21), and, based on the following, claims issues of material fact:

> [T]here was no settlement of a disputed claim. [Appellee] fails to identify what the compromise was. It did not do this when it filed its summary judgment motion. Thus, no affidavits were presented concerning the nature of an alleged compromise. In fact, the evidence shows that the [Appellants] did not give up anything and that there was no agreement. They did not acknowledge [Appellee's] debt, they did not agree to not resist [Appellee's] attempt to recover the improper portions of the debt. The only concession that the [Appellants] made in the bankruptcy was that they would have their lawyer accept service of an assumpsit complaint. This obviously has nothing to do with the bankruptcy. It cannot therefore be termed a compromise. In light of this, it can be concluded, in the current record that there was not a compromise of the prior action ... [T]here is a profound dispute of fact about whether consideration could be found in the instant case ... Based upon the present record, it cannot be said unequivocally that the facts support a conclusion that there would be valid consideration to support a promise in return for [Appellee's] voluntarily dismissing the bankruptcy. (Appellants' Brief, at pp. 21–24).[4]

> A summary judgment may be granted only in the clearest of cases where the right thereto is clear and free from doubt. (Appellant's Brief, at p. 23; citation omitted).

We agree. As noted in *Miller v. Pennsylvania R. Co.*, 371 Pa. 308, 316, 89 A.2d 809, 812 (1952), citing Restatement (Torts) § 673, (d):

> [U]pon the issue[ ] of favorable termination ... the jury has only the function of finding the circumstances under which the defendant acted. The court determines whether, under those circumstances, the termination was suffi-

---

**4.** In their Brief in Opposition to Appellee's Motion for Summary Judgment, Appellants' also argued coercion, and therefore, the absence of a compromise.

ciently favorable to the accused ... Where there is no conflict in the testimony as to what the circumstances were, the court has no need for a finding of the jury. The jury is not called upon to act unless there is a conflict in the testimony which presents an issue for its determination.[5]

While we acknowledge that, as a matter of law, a compromise does indeed fail to meet the requirements of favorable termination, thereby rendering summary judgment appropriate, we cannot conclude, on the present record, that there was a compromise of the action. As indicated above, the circumstances surrounding the joint motion are unclear. Once the fact-finder resolves them, however, deciding whether or not the Appellants truly compromised their claim, the court may then rely on relevant authority in determining either the presence, or absence, of favorable termination. Because a genuine issue of material fact does exist in the case at bar, it follows that summary judgment was erroneously granted, and we are therefore constrained to remand.

Order reversed and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

**5.** The same rule appears in Restatement 2d (Torts) § 673(d).