**Debus v. Crumb**

C.P. of Lehigh County, no. 93-C-2616.

*Joseph J. Knox,* for plaintiffs.
*Georgine A. Olexa,* for defendants.
*Michael F. DeMarco,* for additional defendant.

BLACK, *J.,* April 13, 1999—This personal injury case arises from a series of collisions involving four motor vehicles traveling east on Route 80 near Stroudsburg, Monroe County, Pennsylvania, on November 18, 1991. Before the court is the motion of additional defendant, Walter A. Reed Jr., for the entry of a judgment of non pros or in the alternative for summary judgment

on the joinder complaint of defendants, David E. Crumb and Anthracite Industries Inc.

In seeking a judgment of non pros, Reed argues that defendants prejudiced his ability to prepare a defense by failing to rule plaintiffs, James Debus and Carol A. Debus, to file a complaint. This failure allowed plaintiffs to delay filing their complaint for more than three years after they had commenced suit by praecipe for writ of summons. In seeking summary judgment, Reed asserts that defendants have failed to produce any evidence of a causal connection between his alleged negligence and the injuries to plaintiffs. For the reasons stated below, we disagree with Reed on both grounds and deny his motion for judgment.

## FACTUAL BACKGROUND

According to defendants' joinder complaint, the injuries to the wife-plaintiff, Carol E. Debus, occurred as a result of three collisions involving four motor vehicles. First, a Winnebago operated by Reed struck the automobile of Amy Touzet from the rear. Behind these two vehicles were an automobile operated by Elise Landau in which wife-plaintiff was a passenger, and a truck operated by defendant Crumb and owned by defendant Anthracite. A second collision occurred when the truck operated by defendant Crumb struck the Landau automobile from the rear. As a result of this second collision, the Landau vehicle was pushed into the Winnebago, resulting in a third collision between the Winnebago and the Landau automobile. Wife-plaintiff suffered multiple personal injuries in the second and third collisions.

## PROCEDURAL HISTORY

Plaintiffs filed suit against defendants on November 18, 1993, precisely two years after the collisions, by

praecipe for writ of summons. The writ of summons was served on defendants Crumb and Anthracite on December 8, 1993 and December 14, 1993, respectively. Neither defendant ruled plaintiffs to file a complaint.

On March 3, 1997, approximately three years and four months later, plaintiffs finally filed their complaint, in which they alleged that the sole cause of the injuries to wife-plaintiff was negligence on the part of defendants. Plaintiffs allege that defendant Crumb was negligent in his operation of the truck that struck the Landau automobile from the rear. Plaintiffs assert that defendant Anthracite is also liable on two grounds, first, on the basis of vicarious liability for actions of its employee, defendant Crumb, and second, for negligence in entrusting the vehicle to Crumb's care. The negligent entrustment claim has been severed for trial purposes.

On March 24, 1997, defendants filed a praecipe for writ to join Reed and Cruise America Motor Homes Inc. as additional defendants. After some difficulty, defendants were able to effect service on Reed on October 8, 1997. The joinder of Cruise America Motor Homes Inc. was later discontinued by stipulation of the parties.

On February 6, 1998, plaintiffs were deposed by defendants. Reed was invited to participate in the deposition, but declined to do so. At this point, Reed had not yet been served with defendants' complaint against him, but he had been served with the writ joining him as an additional defendant.

On March 3, 1998, defendants filed their complaint against Reed seeking contribution and/or indemnification from him. No claim was asserted against him for sole liability, the statute of limitations having long expired on such a claim. A praecipe for appearance was filed on behalf of Reed on March 17, 1998. Initially, Reed filed preliminary objections to defendants' com-

plaint, but these were withdrawn without prejudice, and Reed subsequently filed an answer on August 3, 1998.

On June 3, 1998, Elise Landau and Reed were both deposed. Counsel for Reed participated in these depositions. On October 30, 1998, defendant Crumb was deposed. Again, counsel for Reed participated in the deposition.

## DISCUSSION

### I. *The Motion for Judgment of Non Pros*

Reed acknowledges that since defendants joined him within 60 days from the date plaintiffs' complaint was served on them, joinder was timely under Pennsylvania Rule of Civil Procedure 2252. Reed argues, however, that defendants should have ruled plaintiffs to file a complaint instead of sitting back and waiting, because had defendants done so promptly, plaintiffs would have been required to file their complaint in January 1994, and defendants would then have been required to join Reed as an additional defendant by March 1994. Since the actual joinder was not effected until March 24, 1997, Reed was not informed of the suit until five years and four months after the accident, a delay that he claims hampered his efforts to prepare a defense.

There is no authority in Pennsylvania for applying the doctrine of non pros against a defendant for failing to rule a plaintiff to file a complaint. Nothing in the Pennsylvania Rules of Civil Procedure or in any decided case suggests that a defendant is obligated to seek such a rule.

Reed attempts to analogize the facts here to those in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). *Lamp,* however, involved a wholly different issue. There, the plaintiff, who had commenced suit by prae-

cipe for writ of summons, instructed the prothonotary not to deliver the writ to the sheriff for service. The Pennsylvania Supreme Court held that by preventing timely service of the writ, the plaintiff had started the very legal machinery he had just set in motion. Accordingly, the court held that the praecipe for writ of summons was not effective to toll the statute of limitations, and plaintiff's claim was held barred by the statute of limitations.

There are several reasons why Lamp is inapposite. First, the statute of limitations is not an issue in this case. The only claims against Reed are for contribution and indemnification. The limitations period on a contribution claim does not begin to run until the time judgment is entered in favor of the original plaintiff. See *Mattia v. Sears, Roebuck & Co.,* 366 Pa. Super. 504, 508, 531 A.2d 789, 791-92 (1987). On an indemnification claim, there appears to be a split of authority, with some cases holding that the limitations period begins when judgment is entered against the party seeking indemnification and others holding that it does not begin until this party has actually discharged his obligation to the plaintiff. Cf. *Kitchen v. Grampian Borough,* 421 Pa. 464, 219 A.2d 685 (1966) (entry of judgment) with *Rivera v. Philadelphia Theological Seminary,* 510 Pa. 1, 507 A.2d 1 (1986) (discharge of liability). Since judgment has not been entered against defendants, and payment has not been made to plaintiffs, the limitations period has not yet begun to run on the potential contribution and indemnity claims against Reed.

Second, in *Lamp,* there were affirmative acts by the plaintiff to interfere with service of the writ. Here, defendants have taken no action to interfere with the nor-

mal course of legal proceedings. Defendants did not do anything to prevent plaintiffs from filing or serving their complaint sooner.

Reed also points to the recent decision of the Pennsylvania Supreme Court in *Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998), which established a three-part test before a judgment of non pros may be entered against a plaintiff: There must be (1) an absence of due diligence in prosecuting the case, (2) no compelling reason for the delay, and (3) evidence of actual prejudice to the defendant. 551 Pa. at 358, 710 A.2d at 1103; see also, *James Brothers Co. v. Union Banking and Trust Co. of DuBois,* 432 Pa. 129, 247 A.2d 587 (1968) (death or absence of material witness could establish prejudice); *Metz Contracting Inc. v. Riverwood Builders Inc.,* 360 Pa. Super. 445, 451, 520 A.2d. 891, 894 (1987) (prejudice defined "as any substantial diminution of a party's ability to properly present its case at trial").

In the instant case, there is no evidence of prejudice. Therefore, even if we were to assume arguendo that the doctrine of non pros applies where a defendant fails to rule a plaintiff to file a complaint, this would not justify a judgment of non pros here. There is no evidence of a missing or deceased witness, or that Reed's ability to defend himself has been diminished. Reed's counsel was invited to participate in all depositions. Moreover, Reed himself knew at the time of the accident in 1991 that the Landau vehicle had collided with his Winnebago, since he had been personally involved in the accident. Consequently, Reed has not made out a case of prejudice from the delay.

Reed points out that a conflict appears in the depositions of Elise Landau and wife-plaintiff, even though

both were seated in the front of the Landau vehicle at the time of the accident. Reed argues that if they had been deposed sooner, perhaps the wife-plaintiff's testimony would have been closer to the testimony of Ms. Landau, which was more favorable to Reed. Perhaps so, but perhaps not. Reed's argument is sheer speculation. He has not presented any evidence to support this speculation.

Furthermore, the entry of a judgment of non pros accomplishes nothing in the circumstances of this case. Such a judgment has no res judicata effect. See *Haefner v. Sprague,* 343 Pa. Super. 342, 494 A.2d 1115 (1985). Therefore, since the statute of limitations has not yet begun to run on the contribution and indemnity claims against Reed, his exposure remains the same, whether or not a judgment of non pros is entered. Should judgment be entered against defendants at a later date, they could commence action against Reed at that time. See *Mattia v. Sears, Roebuck & Co., supra.* Thus, the only effect of a judgment of non pros in this case would be to create two lawsuits where only one should exist. This would be an inefficient use of legal resources, not in anyone's best interests.

For these reasons, the motion for judgment of non pros is denied.

## II. *The Motion for Summary Judgment*

It is well-settled that summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Pa.R.C.P. 1035.2; *Electronic Laboratory Supply Co. v. Cullen,* 712 A.2d 304 (Pa. Super. 1998). In determining whether to grant summary

judgment, the trial court must resolve all doubts against the moving party and must examine the record in a light most favorable to the non-moving party. The party moving for summary judgment bears the burden of proving the nonexistence of any genuine issue of fact. See *Richman v. Mosites,* 704 A.2d 655 (Pa. Super. 1997). Moreover, summary judgment may be granted only in the clearest of cases. See *Electronic Laboratory Supply v. Cullen, supra.*

Reed acknowledges that the Winnebago he was driving struck the automobile operated by Amy Touzet from the rear. Moreover, in her deposition, wife-plaintiff testified that Reed was operating the Winnebago erratically, seemingly out of control, when it struck the Touzet vehicle. Clearly, the evidence supports a finding that Reed was negligent.

Reed contends that there was no causal connection as a matter of law between his negligence and the collision in which the Landau vehicle made contact with the Winnebago. This argument is unpersuasive. Reed's negligence created a situation where the Winnebago was stopped in a travel lane on a major highway with other fast-moving traffic close behind. A jury could find that his actions were a substantial factor in causing the Landau vehicle to come in contact with the Winnebago. Expert testimony is not required for a jury to make such a finding. See *Taylor v. Jackson, 164 Pa. Commw. 482, 643 A.2d 771 (1994) (last of three motor vehicle accidents occurred two hours after first accident; held for jury to determine whether initial accident was a substantial factor in causing the third accident).*

Because we believe there are factual issues that remain for a jury to determine on the claim against Reed, his motion for summary judgment is denied.

## ORDER

Now, April 13, 1999, upon consideration of additional defendant's motion for judgment of non pros or in the alternative for summary judgment, and plaintiff's response thereto, after oral argument and for the reasons set forth in the accompanying opinion, it is ordered that said motion be and hereby is denied.