525 A.2d 367

**Phillip B. ROBINSON, Appellant,**

**v.**

**Sandra ROBINSON, Steven M. Kramer, Esquire and Robert Jay Vedatsky, Esquire.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1986.

Filed March 4, 1987.

Reargument Denied May 15, 1987.

570

Jerome Lipman, Philadelphia, for appellant.

Michael R. Needle, Philadelphia, for Vedatsky, appellee.

Before McEWEN, DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

In May of 1981, appellee instituted two separate actions against her former husband/appellant. One action in the U.S. District Court for the Eastern District of Pennsylvania alleged claims for rape, assault, burglary, theft, fraud, breach of fiduciary duty, intentional infliction of emotional distress and breach of a settlement agreement. The other action in the Superior Court of New Jersey sought to set aside a settlement agreement.

In August of 1981, the federal court denied a motion to dismiss the tort claims and on November 9, 1981, granted appellee's motion for a voluntary nonsuit dismissing the claims without prejudice to appellee's right to renew them in the New Jersey action.

Appellant, in December of 1981, brought an action alleging wrongful use of civil proceedings. Preliminary objections were granted on November 29, 1982 with the court dismissing the claim while holding that the voluntary nonsuit "neither constituted a judgment in favor of [appellant] nor represented a termination of the Federal Court action consistent with his innocence." *Robinson v. Robinson*, 28 D & C3d 54, 58 (1982). The court went on to state:

> Indeed the federal court's specific refusal to dismiss the claims with prejudice reflects that these claims have not been determined and are subject to further adjudication in an appropriate forum. The instant action therefore, is

premature, pending final resolution of the claims in the New Jersey action.

*Robinson, supra* at 58.

The New Jersey action concluded on January 22, 1985 with the decision rendered by the trial judge on April 30, 1985. The claims formerly made by appellee in her federal action were not discussed by the court because the pleadings were never amended to raise those issues.

Appellant, in August 1985, filed a petition seeking to amend his complaint to include a count for malicious use of civil proceedings, contending the New Jersey action resulted in the federal action being terminated in his favor. The court denied the petition finding the proceedings at issue did not terminate in favor of appellant as required under 42 Pa.C.S.A. §§ 8351–8354. We do not agree and reverse the holding of the lower court.

Appellees contend that appellant should have appealed from the November 29, 1982 Order granting appellees' preliminary objections and dismissing the claim for wrongful use of civil proceedings and failure to do so precludes bringing this appeal. Alternatively, appellees maintain the Order presently appealed from is interlocutory and thus this Court lacks jurisdiction to hear this appeal.

■ Both issues raised involve an analysis of what constitutes a final appealable Order. Initially, we agree with the court in the present action which stated that the Order and Opinion of November 29, 1982 "did not foreclose plaintiff [appellant] from filing a petition to amend after the conclusion of the New Jersey action." (Slip Op. White, J., 12/17/85, p. 2). This conclusion is supported by a reading of the Opinion in *Robinson, supra,* where the court specifically states that the action was premature. The accompanying Order did not dismiss the wrongful prosecution claim with prejudice so as to put appellant entirely out of court on the cause of action and appellant's subsequent attempt to amend the pleading, following the conclusion of the New Jersey litigation, was proper.

572

The question of whether the present Order denying the petition to amend the complaint is interlocutory is completely governed by the findings in *Cloverleaf Development v. Horizon Financial*, 347 Pa.Super. 75, 80–81, 500 A.2d 163, 166–67 (1985). The pertinent portions of that Opinion are quoted verbatim:

The first issue to be resolved is whether appellants are properly before this Court. An appeal will lie only from a final order unless otherwise permitted by statute. "A final order is usually one which ends the litigation or, alternatively, disposes of the entire case.... 'Conversely, an order is interlocutory and not final unless it effectively puts the litigant "out of court." ' " *Praisner v. Stocker*, 313 Pa.Super. 332, 336–337, 459 A.2d 1255, 1258 (1983) (citations omitted), quoting *Giannini v. Foy*, 279 Pa.Super. 553, 556, 421 A.2d 338, 339 (1980). See also: *Pugar v. Greco*, 483 Pa. 68, 72–73, 394 A.2d 542, 544–545 (1978); 42 Pa.C.S.A § 742. 'As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable.' *Prainser v. Stocker, supra*, 313 Pa.Super. at 337, 459 A.2d at 1258. This is so because in most such instances 'the plaintiff is not out of court and is not precluded from presenting the merits of his cause of action.' *Id.*, 313 Pa.Superior Ct. at 338, 459 A.2d at 1258. However, the general rule is not without exceptions. Where the dismissal of one count or several counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the merits of separate and distinct causes of action, the order sustaining preliminary objections is then final, not interlocutory, with respect to those causes of action dismissed. The plaintiff is 'out of court' with respect thereto. *Id.*, 313 Pa.Superior Ct. at 339, 459 A.2d at 1258–1259. This is to be distinguished from the situation in which separate counts have been used to state alternate theories to support recovery on the same cause of action. In such cases, the dismissal of one count does not prevent the plaintiff from proceeding to a determination of the underlying cause of action. *Id.*, 313 Pa.Superior Ct. at 341, 459 A.2d at 1260.

. . . .

The dismissal of Count No. 3 was final. Appellants are out of court on their claim for damages because of Century's alleged interferences with Cloverleaf's negotiations with third party, potential buyers. Therefore, we will review the averments in Count No. 3 to determine whether they are sufficient to state a cause of action.

■ The existing counts in the complaint are for conversion and defamation, each separate causes of action and independent from wrongful use of civil proceedings. Unlike the situation following the dismissal of the complaint in 1982, where the pending New Jersey decision prompted the court to characterize the action as premature, here, the court concluded that even upon resolution of the New Jersey action, appellant did not have the litigation terminated in his favor as required by the statute. Appellant is thus precluded from pursuing the merits of this claim and the Order is properly appealable.

The merits of the court's decision must thus be addressed and we conclude that the court improperly determined that the prior litigation did not terminate in appellant's favor as required by the statute.

42 Pa.C.S.A. § 8351 provides:

### § 8351. Wrongful use of civil proceedings.

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) Arrest or seizure of person or property not required.—The arrest or seizure of the person or property

of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

1980, Dec. 19, P.L. 1296, No. 232, § 1, effective in 60 days.

The sole basis for the court's denial of appellant's petition to amend was that appellant did not show that either the federal action or the New Jersey action terminated in his favor as required by section (a)(2) of the statute.

■ We agree, that for the purpose of applying the statute, the federal action did not terminate in appellant's favor because appellee was specifically allowed to raise the claims in the contemporaneous New Jersey action. We think the court erred, however, in holding that since appellee chose not to pursue the claims in the New Jersey action and the merits were never litigated, there was no termination in favor of appellant.

In the case of *Woodyatt v. Bank of Old York Road*, 408 Pa. 257, 182 A.2d 500 (1962), the court, in ruling on a common law claim of malicious prosecution, held that although one of the prerequisites to such an action is that the criminal prosecution upon which it is based be terminated favorably to the party seeking damages, this did not require that it be terminated on the merits. If the charges were abandoned or withdrawn by the prosecutor this was sufficient to satisfy the element of prior favorable termination. *Woodyatt, supra*, 408 Pa. at 259, 182 A.2d at 501. Citations ommitted.

In *Shaffer v. Stewart*, 326 Pa.Super. 135, 473 A.2d 1017 (1984), this Court, noting that the tort of malicious use of process has been codified at 42 Pa.C.S.A. §§ 8351–54, held that the favorable termination element was satisfied when the parties who filed a caveat to the probate of a will agreed to voluntarily dismiss their claims.

*Shaffer* also discussed the fact that Pennsylvania law was now in conformity with the Restatement (Second) of Torts § 674. A reading of that section and the comments indicates that civil proceedings may be considered terminat-

ed in favor of a person against whom they are brought by withdrawal of proceedings. This general rule is qualified by reference to sections 660–661 which apply the rule that termination, other than by acquittal, is not sufficient to meet the requirement of a cause of action when it is the result of compromise, misconduct by the accused for the purpose of preventing a proper trial, abandonment out of mercy requested or accepted by the accused or when new proceedings based on the same offense have been instituted and have not been terminated in favor of the accused. Situations where abandonment is due to the impossibility of bringing the accused to trial also are distinguished.

■ Although *Woodyatt* dealt with criminal proceedings, the rationale applied is still appropriate when dealing with a wrongful use of civil proceedings action. Coupled with the holding in *Shaffer* and a review of § 674 of the Restatement (Second) of Torts, we find that the termination of the New Jersey action, in which appellee had the opportunity to raise the claims made in the federal action and did not do so, must be considered a favorable termination for appellant under the statute. Any other result would allow a party to initiate suit and then withdraw or abandon the claims before trial so as to escape potential liability. The statute provides protection against such action by imposing liability for the procurement, initiation or continuation of civil proceedings in a grossly negligent manner or without probable cause with improper purposes. Although favorable termination is called for, there is no requirement that it be based upon the merits and to impose such a requirement would lead to unjust results as set forth above.

In the present case, appellant is attempting to impose liability on appellee for initiating the action in federal court. The courts determination that the action was never terminated favorably to appellant precludes him from pursuing the action even though the action was not pursued because of a decision by appellee. It is not argued that appellees decision was the result of a compromise between the parties nor are other circumstances shown which would qualify the

rule that withdrawal is sufficient to constitute favorable termination. Under these circumstances we must find that appellant has met the favorable termination requirement.

We are not addressing the merits of appellant's underlying claim, and he will have the burden of establishing the elements required in 42 Pa.C.S.A. § 8354, which provides:

### § 8354. Burden of proof

In an action brought pursuant to this subchapter the plaintiff has the burden of proving, when the issue is properly raised, that:

(1) The defendant has procured, initiated or continued the civil proceedings against him.

(2) The proceedings were terminated in his favor.

(3) The defendant did not have probable cause for his action.

(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

(5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages).

1980, Dec. 19, P.L. 1296, No. 232, § 1, effective in 60 days.

At that time, appellee will be able to raise any defenses she may have to the claim of wrongful prosecution.

The Order appealed from is reversed and the case remanded to allow an amended pleading to include a count for wrongful use of civil proceedings.

Order reversed and case remanded.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

With the greatest deference to my colleagues, I must dissent from the opinion of the majority in this case.

This is an appeal from an order denying Appellant's petition to amend his complaint which sought to include a count for wrongful use of civil proceedings.

The procedural history of this case is complex. The underlying action was initiated by Appellant's filing a complaint containing claims for conspiracy, abuse of process and malicous prosecution against Appellees. These claims were precipitated by Appellee, Sandra Robinson's earlier commencement of action against Appellant in a New Jersey state court and the United States District Court for the Eastern District in Pennsylvania. The Appellee filed preliminary objections to Appellant's complaint arguing that the dismissal of the Federal Court action without prejudice to Sandra Robinson's right to renew her claims in the New Jersey action did not satisfy the prerequisites for Appellant's claim of wrongful use of civil proceedings arising out of the Federal Court action. Accepting this argument, the court granted the preliminary objections and also ruled that Appellant was to be granted the right to amend his complaint with respect to the causes of action for defamation and conversion. Appropriate amendments were made by Appellant and the court dismissed Appellee's preliminary objections to the amended complaint. Thereafter, the New Jersey action was ultimately concluded. Appellant again sought to amend his complaint to include a count for wrongful use of civil proceedings. The trial court again ruled that there was no termination in Appellant's favor, a prerequisite to the claim he wished to make, and denied his petition to amend. This appeal followed.

I dissent from the majority because I believe that an order denying leave to amend complaint is interlocutory and not appealable and for that reason the appeal must be quashed.

First, I believe that the majority opinion confuses the difference between the denial of a petition to amend a complaint and the granting of preliminary objections dismissing certain counts of a plaintiff's complaint. Generally, such dismissal is not appealable but in some rare cases an appeal lies.

The majority's analysis in relying on *Cloverleaf Development v. Horizon Financial*, 347 Pa.Super. 75, 80–81, 500 A.2d 163, 166–167 (1985) when considered in light of the factual background of this case, serves to defeat the argument advanced.

On November 29, 1982, the trial court entered an order which states as follows.[1]

And now, this 29th day of November, 1982, it is hereby ordered and decreed that:

(1) Plaintiff's petition for reconsideration of this court's January 29, 1982 order is denied;

(2) Count I of the defendant's preliminary objections is granted, and the plaintiff's claim for conspiracy and malicious prosecution is dismissed;

(3) Count II of defendant's preliminary objections is granted and plaintiff's claim for conspiracy and abuse of process is dismissed; and

(4) Plaintiff is granted twenty (20) days from notice hereof to file an amended complaint regarding his claims of defamation and conversion.

Obviously, paragraphs (2) and (3) finally dismissed certain counts of the plaintiff's complaint. The majority in its opinion (page 571) states:

"Initially, we agree with the court in the present action which stated that the order and opinion of November 29, 1982, 'did not foreclose plaintiff [appellant] from filing a petition to amend after the conclusion of the New Jersey action.'"

The difficulty with this analysis is twofold.

First, the trial judge entered the order of November 29, 1982 specifically and categorically dismissing the counts for conspiracy and malicious prosecution and for conspiracy

---

1. Actually, the trial court entered its order dismissing the counts of conspiracy and malicious prosecution on January 29, 1982, almost 10 months before the November order which the majority dismissed in its opinion and to which I have responded. That order also did not allow for amendment, therefore, the analysis of finality is the same as dealing with the order of November 29, 1982.

and abuse of process. The trial court did not grant the plaintiff leave to amend his complaint for those counts. Further, the trial judge's opinion accompanying the November 29, 1982 order confirms the fact that leave to amend dealt only with defamation and conversion. In a detailed analysis, the Honorable Abraham J. Gafni concluded in November of 1982 that the allowance of a voluntary nonsuit in a prior action did not constitute a judgment in favor of the plaintiff nor represented a termination consistent with Appellant's innocence. These are the same issues that are now being raised and already decided.

If the majority's analysis is correct, the order of November 29, 1982 would have been a "final order" and should have been appealed. There is nothing in the order or opinion accompanying the order which granted the plaintiff leave to file an amended complaint on the counts dismissed. Conversely, the analysis of the trial court was such that no amendment could be made that would satisfy the pleading requirements since the claim has been voluntarily dismissed.

Our appellate courts have held that once a final order is entered, it must be appealed or the right of review is lost. *Mineo v. Tancini*, 349 Pa.Super. 115, 502 A.2d 1300 (1986). Here the dismissal of counts I and II of the Appellant's complaint on November 29, 1982 was a final appealable order. Failing to appeal ends the matter.[2]

More importantly, however, the action of the trial judge in this case in his order and opinion dated December 17, 1985 denying the petition to amend, does not preclude the Appellant from filing a separate action. It merely prevents him from including the matter in this case.

2. I believe that the entire area of "final and appealable orders" which do not end the litigation between the parties should be reviewed. Allowing and reviewing appeals during the course of litigation serves only to delay the matters. In light of *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985) I believe where an order in entered in a lawsuit, that does not end all litigation between the parties, it should only be reviewed on immediate appeal if the postponement of review would cause an issue to be irrevocably lost. *See* PINES *Pennsylvania Appellate Practice: Procedural Requirements and the Vagaries of Jurisdiction (Part 1)*, 91 Dickenson L.R. 88–91 (1986).

The procedural morass that is created by allowing appeals from orders dismissing counts of complaints or appeals from orders denying leave to amend complaints or answers does nothing but frustrate the orderly movement of litigation through the courts.

Certainly, review of the order appealed from in this case could be postponed until the remaining matters have been terminated at the trial level. The failure to allow an amendment to a complaint alleging a "new cause of action" does not put a litigant out of court but merely holds that it cannot be brought in the existing case.

If the majority's analysis is correct in that the cause of action arose with the voluntarily dismissal of the New Jersey lawsuit, then, a new suit could have been filed. The Appellant is not out of court by denying his petition to amend.

If the majority's analysis of appealability is correct, then the November 29, 1982 order dismissing the counts without leave to amend was final and appealable and no appeal having been filed it is too late to relitigate the issues at this time.

For these reasons I dissent and would quash the appeal.