J-A19012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NICHOLAS PINARDO, III | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHNNIE DORSEY, III AND JOSEPH SILVESTRO, ESQUIRE, | |
| Appellees | No. 774 EDA 2016 |

Appeal from the Order Entered February 17, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 02307 March Term 2014

| | |
|---|---|
| NICHOLAS PINARDO, III | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNIE DORSEY, III AND JOSEPH SILVESTRO, ESQUIRE, | |
| Appellants | No. 844 EDA 2016 |

Appeal from the Order Entered February 17, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 02307 March Term 2014

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 04, 2017**

Appellant, Nicholas Pinardo, III, appeals and Appellees, Johnnie Dorsey, III and Joseph Silvestro, Esquire, cross-appeal from the trial court's February 17, 2016 order directing Mr. Pinardo to pay Appellees $6,177.11 as

a result of this allegedly frivolous wrongful use of civil proceedings litigation.[1] After careful review, we affirm in part, reverse in part, and vacate in part.

Mr. Pinardo — who had previously been Appellee Dorsey's landlord — brought the present action for wrongful use of civil proceedings against Appellee Dorsey and his attorney, Appellee Silvestro, following prior litigation between the parties concerning a landlord/tenant dispute. From what we can glean from the record and the parties' briefs on appeal, the prior landlord/tenant proceedings underlying the present action transpired as follows.

**The prior landlord/tenant proceedings**

On June 23, 2008, Appellee Dorsey — who was not represented by Appellee Silvestro at that time — filed a claim against Mr. Pinardo in the Philadelphia Municipal Court, alleging that Mr. Pinardo illegally evicted him and seeking damages for conversion of property. **See** Mr. Pinardo's Brief at

_____

[1] Although Mr. Pinardo filed a notice of appeal from the decisions dated December 3, 2014, July 7, 2015, November 19, 2015, February 1, 2016, and February 17, 2016, we consider his appeal to be taken from the February 17, 2016 order, as that order disposed of all parties and their remaining claims, including Appellees' outstanding motion for sanctions and request for attorneys' fees. **See** Pa.R.A.P. 341 (explaining that "an appeal may be taken as of right from any final order of a … trial court[,]" and that "[a] final order is any order that … disposes of all claims and of all parties"). Likewise, although Appellees appeal from both the trial court's February 1, 2016 and February 17, 2016 orders, we deem Appellees' cross appeal as being taken from the February 17, 2016 order.

6-7; Appellees' Brief at 7. Judgment was entered in favor of Appellee Dorsey, and Mr. Pinardo appealed the decision to the Court of Common Pleas of Philadelphia County.[2] Mr. Pinardo's Brief at 6; Appellees' Brief at 7. Around this time, Appellee Dorsey retained Appellee Silvestro as counsel. *See* Mr. Pinardo's Brief at 7; Appellees' Brief at 8. Subsequently, on appeal to the Court of Common Pleas of Philadelphia County, the case was dismissed for failure to file a timely complaint. Mr. Pinardo's Brief at 7; Appellees' Brief at 8. Thereafter, Appellees petitioned to have the judgment of *non pros* opened, but the trial court denied it. *See* Mr. Pinardo's Brief at 7; Appellees' Brief at 8.[3]

On July 22, 2008, Appellee Dorsey — who was also not represented by Appellee Silvestro at that juncture — filed a second claim in the Philadelphia Municipal Court, requesting the return of his security deposit from Mr. Pinardo. Mr. Pinardo's Brief at 7; Appellees' Brief at 7. Once again, judgment was entered in favor of Appellee Dorsey, and Mr. Pinardo appealed the decision to the Court of Common Pleas of Philadelphia County.[4] Mr. Pinardo's Brief at 7; Appellees' Brief at 7. As mentioned above, Appellee

---

[2] The parties refer to this case as number "090203157." Mr. Pinardo's Brief at 6; Appellees' Brief at 8.

[3] According to Mr. Pinardo, Appellees filed an untimely appeal from the trial court's decision, which this Court quashed. Mr. Pinardo's Brief at 7.

[4] The parties refer to this case as number "090203165." Mr. Pinardo's Brief at 7; Appellees' Brief at 8.

Silvestro began representing Appellee Dorsey around that time. Mr. Pinardo's Brief at 7; Appellees' Brief at 7, 8. Like the case discussed above, this case was also dismissed for failure to file a timely complaint. Mr. Pinardo's Brief at 7; Appellees' Brief at 8. Appellees filed a petition to open the *non pros* judgment, and the trial court granted this petition. Mr. Pinardo's Brief at 7; Appellees' Brief at 8. However, the trial court later sustained Mr. Pinardo's preliminary objections and dismissed Appellees' complaint without prejudice. Mr. Pinardo's Brief at 7; Appellees' Brief at 8.

On March 16, 2009, Appellees commenced new actions against Mr. Pinardo by filing two complaints.[5] Mr. Pinardo's Brief at 7-8; Appellees' Brief at 8-9. But, shortly thereafter, Appellees voluntarily dismissed both cases because of some confusion surrounding proper docket information. Mr. Pinardo's Brief at 7-8; Appellees' Brief at 8-9.

Finally, on April 29, 2010, Appellees filed another complaint against Mr. Pinardo, alleging, *inter alia*, that Mr. Pinardo prohibited Appellee Dorsey from taking his personal property from the leased premises.[6] Mr. Pinardo's Brief at 8-9; Appellees' Brief at 9. In response, Mr. Pinardo filed preliminary objections, raising issues regarding *res judicata* and the failure of Appellees

---

[5] The parties refer to these cases as numbers "090302471" and "090302473." Mr. Pinardo's Brief at 7-8; Appellees' Brief at 8.

[6] The parties refer to this case as number "100404471." **See** Mr. Pinardo's Brief at 8; Appellees' Brief at 9.

to attach a required writing to the complaint. Mr. Pinardo's Brief at 9-10; Appellees' Brief at 9-10. The trial court sustained Mr. Pinardo's preliminary objections, and dismissed the complaint without prejudice. Mr. Pinardo's Brief at 9; Appellees' Brief at 9-10. In doing so, it explained:

> It should first be noted that this court did not rely on the doctrine of *res judicata* in sustaining [Mr. Pinardo's] preliminary objections. This fact is apparent from the court's dismissal of the complaint specifically without prejudice. Nor did the court rely on [Mr. Pinardo's] argument that there was a prior pending action. The court accepted [Appellee Dorsey's] argument that the prior actions were filed mistakenly, and that they were discontinued in order for [Appellee Dorsey] to pursue the underlying action.
>
> However, the court could not overlook the preliminary objection regarding the failure to attach a required writing, as required by Pa.R.C.P. 1019(i).[7] This argument was the basis for dismissing the complaint without prejudice. [Appellee Dorsey] failed to attach a copy of the alleged lease agreement. [Appellee Dorsey] also failed to address why such agreement was not attached. Because of this procedural defect, this court sustained the preliminary objections and dismissed the complaint without prejudice.

---

[7] Rule 1019(i) states:

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019(i).

**See** Appellee Silvestro's Motion for Sanctions against Anthony Quinn, Esq. pursuant to Rule 1023.1, *et seq.*, 10/6/2015, at Exhibit 3 (Trial Court Order in Case No. "100404471", 1/18/2011, at 3).[8]

Thereafter, following further litigation, the trial court held a settlement conference with the parties on March 20, 2012. **See** Mr. Pinardo's Brief at 10; Appellees' Brief at 10. At the conclusion of the settlement conference, the trial judge described the disposition of the case as follows:

> Case settled. [Appellant] Pinardo will return escrow of $3500.00 to [Appellee] Dorsey. Case is dismissed.

**See** Trial Worksheet, 3/20/2012 (single page); **see also** Mr. Pinardo's Brief at 10; Appellees' Brief at 10. Mr. Pinardo then returned the $3,500.00 to Appellee Dorsey. **See** Mr. Pinardo's Brief at 10 ("After [Appellee Silvestro] lost all 5 cases, [Mr. Pinardo] returned the security according to the amounts agreed by the co-tenants and brokered by [the trial judge]. No personal payment was made by [Mr. Pinardo]."); Appellees' Brief at 10 ("On March 23, 2012, [Mr.] Pinardo's counsel sent [Appellee] Silvestro the settlement check.").

**The present wrongful use of civil proceeding action**

Following the conclusion of the underlying landlord/tenant proceedings, Mr. Pinardo subsequently brought an action for the wrongful

---

[8] According to Mr. Pinardo, Appellees filed an appeal from this order, which this Court subsequently quashed as interlocutory. **See** Mr. Pinardo's Brief at 9 (citations omitted).

use of civil proceedings against Appellee Dorsey and his attorney, Appellee

Silvestro. The trial court summarized the procedural history of the present

case before us as follows:

> [Mr. Pinardo] filed a complaint on July 19, 2014[,] claiming one count of Wrongful Use of Civil Process against [Appellees] Silvestro and Dorsey.
>
> On May 4, 2015, [Appellee] Silvestro filed a Motion for Summary Judgment.
>
> On July 7, 2015, this [c]ourt granted [Appellee] Silvestro's Motion for Summary Judgment, dismissing [Mr. Pinardo's] claims against [Appellee] Silvestro with prejudice.
>
> On July 23, 2015, [Mr. Pinardo] filed a Motion for Reconsideration which the [c]ourt denied on July 29, 2015.
>
> On September 22, 2015, a Default Judgment was entered in favor of [Mr. Pinardo] and against [Appellee] Dorsey for failure to file an Answer within the required time.
>
> On September 30, 2015, [Appellee] Dorsey petitioned the court to open judgment, citing lack of proper service. The Honorable Lisa M. Rau granted the petition on November 2, 2015.
>
> On October 6, 2015, [Appellee] Silvestro filed a Motion for Sanctions against [Mr. Pinardo's] attorney[,] Anthony Quinn, Esq.
>
> On November 19, 2015, [Appellee] Silvestro's Motion for Sanctions was granted by this [c]ourt and [Appellee Silvestro] was instructed to submit invoices, within ten (10) days, demonstrating the amount of reasonable fees and costs incurred in defending against [Mr. Pinardo's] frivolous complaint.
>
> On November 25, 2015, [Mr. Pinardo] filed an Amended Complaint to which a second set of Preliminary Objections was filed on behalf of both [Appellees].
>
> On December 14, 2015, [Appellees] Silvestro and Dorsey filed a Motion for Sanctions against [Mr. Pinardo's] attorney Anthony Quinn, Esq. in light of what they considered continued frivolous litigation on the part of [Mr. Pinardo].

On February 1, 2016, this [c]ourt sustained [Appellees'] second Preliminary Objections and dismissed [Mr. Pinardo's] Amended Complaint with prejudice as to both [Appellees]. [Appellees'] Motion for Sanctions was separately granted.

On February 17, 2016, upon consideration of [Appellee] Silvestro's Motion for Sanctions filed on October 6, 2015, which was granted on November 19, 2015, and [Appellees] Silvestro and Dorsey's later Motion for Sanctions on December 14, 2015, which was granted on February 1, 2016, this court entered an Order stating the following:

> AND NOW this 17th day of February 2016, following the November 19, 2015 Order granting [Appellee] Joseph Silvestro's Motion for Sanctions and upon consideration of [Appellee] Joseph Silvestro's accounting of expenses incurred in defending against [Mr. Pinardo's] final frivolous complaint in the underlying litigation, **Pinardo III v. Dorsey III, et al.**, to which no response was made, it is hereby ORDERED and DECREED that Anthony Quinn, Esquire, shall pay $6177.11, representing the reasonable fees and costs incurred by Joseph Silvestro, within 20 days of the date on which this Order is entered in the docket.[9]

February 17, 2016 Order.

Trial Court Opinion (TCO), 10/26/2016, at 1-3. Subsequently, on February 26, 2016, Mr. Pinardo filed a timely notice of appeal and, on March 9, 2016, Appellees timely cross appealed. The trial court directed both parties to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and both parties timely complied.

On appeal, Mr. Pinardo raises the following issues for our review:

---

[9] The trial court later clarified that the award of $6,177.11 "was intended to include consideration of [Appellee] Dorsey[.]" Trial Court Opinion Addressing Appellees' Cross-Appeal, 10/26/2016, at 4. Its omission of Appellee Dorsey's name in the February 17, 2016 order was a result of clerical error. **See id.** at 4-5.

I: Is effect of settlement between co-tenant's [*sic*] competing demands for return of security a question that is properly reserved to the fact-finder, and not a proper ground upon which to grant demurrer[?]

II: Where [Appellees'] 4 case [*sic*] suffered *non pros*, dismissal, and orders to settle, must termination be substantive in order to "have terminated in favor of the person against whom they are brought[?]"

III: Did [Appellee Silvestro] act "in a grossly negligent manner" prosecuting 5 unsuccessful civil actions is subject [*sic*] to liability[?]

IV: Is favorable termination requirement satisfied where [Appellee Silvestro] brings 5 unsuccessful actions to force settlement[?]

V: Did [Appellees] prove [Mr. Pinardo] did not reasonably believe [Appellee Silvestro's] conduct constituted gross negligence and did not reasonably believe the unsubstantiated allegations made in each of [Appellee Silvestro's] 5 wrongful actions had no basis in law or fact[?]

Mr. Pinardo's Brief at 5.

In their cross appeal, Appellees raise a single issue for our review:

Are [Appellees] Silvestro and Dorsey, III entitled to recovery [of] the reasonable amount of attorneys' fees and costs they incurred in defending themselves against [Mr.] Pinardo's frivolous complaint and amended complaint?

Appellees' Brief at 4 (numbering omitted).

We address Mr. Pinardo's issues first, and consider them out of order for ease of disposition. In issues II and IV above, Mr. Pinardo raises questions of what constitutes a favorable termination for purposes of sustaining an action for the wrongful use of civil proceedings. Because these issues involve a question of statutory interpretation, our review is *de novo*.

*See Betts Industries, Inc. v. Heelan*, 33 A.3d 1262, 1265 (Pa. Super. 2011) (citation omitted).

Before delving into Mr. Pinardo's arguments on these issues, we provide a brief overview of the statute germane to his arguments. "[A]llegations of malicious prosecution invoke Pennsylvania's statutory law in the form of [the] wrongful use of civil proceedings statute or 'Dragonetti Act.'" *Freundlich & Littman, LLC v. Feierstein*, 157 A.3d 526, 532 (Pa. Super. 2017) (citation omitted). We have previously "described wrongful use of civil proceedings as a tort arising when a person institutes civil proceedings with a malicious motive and lacking probable cause." *Id.* (citation and internal quotation marks omitted). A cause of action for the wrongful use of civil proceedings requires, in pertinent part, the following elements:

> **(a) Elements of action.--**A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> > (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
> >
> > **(2) the proceedings have terminated in favor of the person against whom they are brought.**

42 Pa.C.S. § 8351(a) (emphasis added).

In the case *sub judice*, Mr. Pinardo claims that "[t]he existence of a favorable termination depends on the unique circumstances of each case.

- 10 -

Here[, where Appellees'] cases suffered *non pros*, dismissal, adverse court orders and orders to settle, termination need not be substantive in order to have terminated in favor of the person against whom they are brought." Mr. Pinardo's Brief at 24 (internal quotation marks omitted). He avers that "filing bogus claims and dismissing them prior to trial is insufficient to preclude liability." *Id.* at 29. He further contests whether "the 5 underlying actions and 2 underlying appeals had not terminated in [his] favor" merely because Appellees "abandoned the allegations of case #100404471[, the fifth and final case.]" *Id.* at 26 (citations omitted).

The trial court, on the other hand, differed. First, it noted that "[t]he underlying cases upon which [Mr. Pinardo] bases his Wrongful Use of Civil Process suit did not terminate in [his] favor. [Mr. Pinardo] brought this lawsuit against [Appellees] in response to an underlying landlord-tenant matter that ended in settlement." TCO at 4. Thus, it determined that Mr. Pinardo "could not establish that the underlying proceedings ended in a favorable termination." *Id.* at 5. Further, with respect to the numerous, prior proceedings, the trial court explained:

> [Mr. Pinardo] argues that there were multiple underlying cases filed by [Appellees] prior to settlement between the parties. ***However, these cases never reached a final determination on the merits.*** A settlement agreement was reached at the March 20, 2012 Settlement Conference…. ***As stated above, a suit ended by agreement in a non-litigious nature does not reach a final adjudication on the merits and thus assigns fault to neither party.*** Without a favorable termination to [Mr. Pinardo], a wrongful civil process suit is inappropriate….

- 11 -

*Id.* (emphasis added).

We believe that the trial court's reasoning is somewhat flawed, specifically its assertion that *a final determination on the merits* is required to establish a favorable termination. In making this statement, the trial court relied on *D'Elia v. Folino*, 933 A.2d 117 (Pa. Super. 2007). *See* TCO at 5. In *D'Elia*, a doctor brought a wrongful use of civil proceedings action against a woman — who was the plaintiff in a prior medical malpractice lawsuit against the doctor — and the legal counsel that represented her in that lawsuit. *D'Elia*, 933 A.2d at 119. The prior medical malpractice suit had ultimately settled after the trial court granted summary judgment in the doctor's favor; specifically, the woman agreed to discontinue the suit against the doctor, including any appeal she may have taken from the summary judgment order, and the doctor promised to not pursue a wrongful use of civil proceedings case against her. *Id.* at 119-20. However, the doctor reserved his right to bring such action against the woman's attorneys. *Id.* at 120. After the doctor filed a complaint against the woman's counsel, the trial court dismissed it by sustaining the preliminary objections filed by the attorneys. *Id.* The doctor then appealed to this Court, raising issue with whether he has a right to bring a wrongful use of civil proceedings action against the attorneys when he "enter[ed] into a settlement agreement with the [woman] wherein the only consideration flowing to [her] is a promise not to subsequently sue [her] for Wrongful Use of Civil Proceedings[.]" *Id.* at 121.

On appeal, we affirmed the trial court's decision to dismiss the doctor's complaint. In doing so, we reasoned:

[T]he crux of the settlement was that [the woman] would waive her right to appeal the entry of summary judgment in [the doctor's] favor, in exchange for [his] pledge that he would not sue her for wrongful use of civil proceedings. In other words, the purpose of the settlement agreement was to "speed up" the procedural requirements necessary for [the doctor's] cause of action to accrue. Within the settlement agreement, [the doctor] expressly denied liability in the underlying suit, and [the woman] did not admit liability for wrongful use of civil proceedings regarding her initiation of the initial medical malpractice case against [the doctor] and his partners.

Generally, when considering the question of "favorable termination" in a wrongful use of civil proceedings case, whether a withdrawal or abandonment constitutes a favorable, final termination of the case against who the proceedings are brought initially depends on the circumstances under which the proceedings are withdrawn. *See Bannar v. Miller*, 701 A.2d 242, 247 (Pa. Super. 1997). A withdrawal of proceedings stemming from a compromise or agreement does not, as a matter of law, constitute a termination favorable to the party against whom proceedings have been brought originally. *See Rosenfield v. Pennsylvania Auto. Ins. Plan*, … 636 A.2d 1138, 1142 ([Pa. Super.] 1994). Likewise, contrary to [the doctor's] argument, a wrongful use of civil proceedings suit may be dismissed on the grounds of an insufficiently "favorable termination" even if the attorney-defendant in the wrongful use of civil proceedings suit was not part of the settlement between the parties or even if the language of the settlement itself reserves a party's right to initiate suit based on wrongful use of civil proceedings against a party's attorney. *Electronic Lab. Supply Co. v. Cullen*, 712 A.2d 304, 310-11 (Pa. Super. 1998).

As we held in *Cullen*, where the parties to the underlying suit agree jointly to end the underlying suit in a non-litigious nature, the liability of the underlying defendant, *i.e.*, the plaintiff in the wrongful use of civil proceedings suit, is never determined with finality. *Cullen*, 712 A.2d at 311. Therefore, the underlying suit is not a "favorable termination" within the meaning of 42 Pa.C.S.[] § 8351. *Id.*, 712 A.2d at 311. Although there was no

- 13 -

monetary payment made between [the doctor] and [the woman] as in a typical legal "compromise," it is clear that the settlement agreement ended the underlying suit between [the woman], [the doctor], and his partners in a non-litigious fashion. Consequently, it is clear that [the doctor's] liability, or lack thereof, was never and can never be determined with finality. As such, [the doctor] was not the "victor" in the underlying lawsuit, and he cannot, as a matter of law, prevail against [the woman's counsel] in a wrongful use of civil proceedings suit. *See id.*, 712 A.2d at 311. Therefore, the trial court's dismissal of the suit on the basis of [the attorneys'] preliminary objections was proper.

*D'Elia*, 933 A.2d at 122-23 (internal citation omitted).

Despite the trial court's insistence that Mr. Pinardo's lawsuit fails because none of the underlying cases "reached a final determination on the merits[,]" *see* TCO at 5, the *D'Elia* Court does not state that termination on the merits is required under the wrongful use of civil proceedings statute. Instead, it explained that "whether a withdrawal or abandonment constitutes a favorable, final termination of the case … depends on the circumstances under which the proceedings are withdrawn[,]" and that "[a] withdrawal of proceedings stemming from a compromise or agreement does not … constitute a termination favorable to the party against whom proceedings have been brought originally." *Id.* at 122 (citations omitted).

To be sure, we have previously stated that "[a]lthough favorable termination is called for, there is no requirement that it be based upon the merits and to impose such a requirement would lead to unjust results…." *Robinson v. Robinson*, 525 A.2d 367, 371 (Pa. Super. 1987). By way of example, in *Robinson*, a woman filed two separate lawsuits against her

former husband: first, she brought suit in federal court alleging claims for, *inter alia*, rape, theft, fraud, and breach of a settlement agreement; second, she sued in New Jersey state court seeking to set aside a settlement agreement. ***Id.*** at 368. Shortly thereafter, the woman moved for a voluntary nonsuit, and the federal court dismissed the woman's tort claims without prejudice so she could renew them in the New Jersey action. ***Id.*** A few months later, the ex-husband brought a wrongful use of civil proceedings action against the woman in Pennsylvania, but it was dismissed because "the federal court's specific refusal to dismiss the claims with prejudice reflects that these claims have not been determined and are subject to further adjudication in an appropriate forum. The instant action therefore, is premature, pending final resolution of the claims in the New Jersey action." ***Id.*** (citation omitted). Subsequently, the New Jersey action concluded, without the woman amending the pleadings to raise the issues initially brought in the federal action. ***Id.*** The ex-husband then brought, again, his claim for wrongful use of civil proceedings against the woman, asserting that the New Jersey action resulted in the federal action being terminated in his favor. ***Id.*** The trial court disagreed, determining that the federal proceedings did not terminate in his favor as required under the pertinent statute. ***Id.*** at 368-69.

On appeal, we reversed, concluding that the trial court "erred … in holding that since [the woman] chose not to pursue the claims in the New

Jersey action and the merits were never litigated, there was no termination

in favor of [the ex-husband]." *Id.* at 370. We elaborated:

> In the case of **Woodyatt v. Bank of Old York Road**, … 182 A.2d 500 ([Pa.] 1962), the court, in ruling on a common law claim of malicious prosecution, held that although one of the prerequisites to such an action is that the criminal prosecution upon which it is based be terminated favorably to the party seeking damages, this did not require that it be terminated on the merits. If the charges were abandoned or withdrawn by the prosecutor this was sufficient to satisfy the element of prior favorable termination. **Woodyatt**, … 182 A.2d at 501. Citations omitted.
>
> In **Shaffer v. Stewart**, … 473 A.2d 1017 ([Pa. Super.] 1984), this Court, noting that the tort of malicious use of process has been codified at 42 Pa.C.S.[] §§ 8351-54, held that the favorable termination element was satisfied **when the parties who filed a caveat to the probate of a will agreed to voluntarily dismiss their claims.**
>
> **Shaffer** also discussed the fact that Pennsylvania law was now in conformity with the Restatement (Second) of Torts § 674. A reading of that section and the comments indicates that civil proceedings may be considered terminated in favor of a person against whom they are brought by withdrawal of proceedings. **This general rule is qualified by reference to sections 660-661 which apply the rule that termination, other than by acquittal, is not sufficient to meet the requirement of a cause of action when** it is the result of compromise, misconduct by the accused for the purpose of preventing a proper trial, abandonment out of mercy requested or accepted by the accused or when **new proceedings based on the same offense have been instituted and have not been terminated in favor of the accused.** Situations where abandonment is due to the impossibility of bringing the accused to trial also are distinguished.
>
> Although **Woodyatt** dealt with criminal proceedings, the rationale applied is still appropriate when dealing with a wrongful use of civil proceedings action. Coupled with the holding in **Shaffer** and a review of § 674 of the Restatement (Second) of Torts, we find that the termination of the New Jersey action, in which [the woman] had the opportunity to raise the claims made

in the federal action and did not do so, must be considered a favorable termination for [the ex-husband] under the statute. Any other result would allow a party to initiate suit and then withdraw or abandon the claims before trial so as to escape potential liability. The statute provides protection against such action by imposing liability for the procurement, initiation or continuation of civil proceedings in a grossly negligent manner or without probable cause with improper purposes. ***Although favorable termination is called for, there is no requirement that it be based upon the merits and to impose such a requirement would lead to unjust results as set forth above.***

In the present case, [the ex-husband] is attempting to impose liability on [the woman] for initiating the action in federal court. The court[']s determination that the action was never terminated favorably to [the ex-husband] precludes him from pursuing the action even though the action was not pursued because of a decision by [the woman]. ***It is not argued that [the woman's] decision was the result of a compromise between the parties nor are other circumstances shown which would qualify the rule that withdrawal is sufficient to constitute favorable termination.*** Under these circumstances we must find that [the ex-husband] has met the favorable termination requirement.

***Robinson***, 525 A.2d at 370-71 (emphasis added). Thus, despite the trial court's above statements, it is evident that a termination need not be based on the merits in order to satisfy the wrongful use of civil proceedings statute.

The ***Robinson*** Court, moreover, points us to the Restatement (Second) of Torts § 674 and its accompanying comment. That section sets forth the following:

One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if

(a) he acts without probable cause, and primarily for a purpose other than that of securing the proper

- 17 -

adjudication of the claim in which the proceedings are based, and

(b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.

Comment:

\*\*\*

*j. Termination in favor of the person against whom civil proceedings are brought*. **Civil proceedings may be terminated in favor of the person against whom they are brought under the rule stated in Clause (b), by** (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or *(3) the dismissal of the proceedings because of his failure to prosecute them.  A favorable adjudication may be by a judgment rendered by a court after trial, or upon demurrer or its equivalent.*  In either case the adjudication is a sufficient termination of the proceedings, unless an appeal is taken.  If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.

*Whether a withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought* and whether the withdrawal is evidence of a lack of probable cause for their initiation, *depends upon the circumstances under which the proceedings are withdrawn.  In determining the effect of withdrawal the same considerations are decisive as when criminal charges are withdrawn; and therefore §§ 660-661 and 665, and the Comments under those Sections are pertinent to this Section.*  As to the right of restitution of money paid to compromise a claim brought without probable cause and in bad faith, *see* Restatement of Restitution, § 71.

Restatement (Second) of Torts § 674 and accompanying comment

(emphasis added).

We consider the reference therein to section 660 to be particularly significant to the matter at hand. It states:

A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if

\*\*\*

**(d) new proceedings for the same offense have been properly instituted and have not been terminated in favor of the accused**.

Comment:

*g. Revival of prosecution*. Whether new proceedings can properly be brought depends upon the law of criminal procedure in the jurisdiction in question. When the charge has been properly revived under the criminal procedure of the particular jurisdiction, there can be no liability under the rule stated in § 653 until the new proceedings have terminated in favor of the accused. **Thus the abandonment of criminal proceedings is not a termination in favor of the accused if they were abandoned for the purpose of bringing other proceedings for the same offense and other proceedings are thereafter instituted within a reasonable time. Such an abandonment may occur** when the private prosecutor ascertains that the proceedings have been brought before a tribunal having no jurisdiction or only doubtful jurisdiction over the matter, or **when a complaint has been imperfectly drawn and the proceedings are abandoned in order to permit the filing of a new and amended complaint**. Proceedings may be abandoned after the public prosecutor's discovery of a flaw in an indictment, for the purpose of obtaining a better indictment from the grand jury. **In a word, the abandonment of particular proceedings does not constitute a final termination of the case in favor of the accused. Only an abandonment of the charge brought against him will suffice.**

Restatement (Second) of Torts § 660 and accompanying comment (emphasis added). Therefore, abandoning a proceeding does not amount to

termination under the statute if subsequent proceedings are later brought for the same offense. Further, this comment specifically acknowledges that a termination is not sufficient where it has been abandoned in order to file a new, amended complaint.

In the case *sub judice*, Mr. Pinardo claims that Appellee Silvestro "blundered his way through case #090203157, eventually terminating in *non pros* and [his] untimely appeal [being] quashed. [Appellee Silvestro] blundered his way through case #090203165, eventually terminating in dismissal of the complaint on preliminary objections, and denial of a subsequent petition to open." Mr. Pinardo's Brief at 25-26 (citations omitted). In addition, Mr. Pinardo alleges that, "Case #090302471 and #090302473 were voluntarily terminated by order to settle filed by [Appellee Silvestro]. No payment was made by [Mr. Pinardo]." **Id.** at 26 (citations omitted). Finally, Mr. Pinardo describes that Appellee Silvestro "lost case #100404471 at arbitration and appealed. … An agreement was signed by [Appellee Dorsey's co-tenant] authorizing release of $3,500.00 of the $5,616.00 security to [Appellee Dorsey]. [The trial judge] dismissed the remaining … charges." **Id.** at 10.

Based on the foregoing legal authority, we determine that the underlying proceedings did not terminate in favor of Mr. Pinardo. However, unlike the trial court, we do not reach this conclusion because a final adjudication on the merits was necessary. Rather, under **Robinson** and the pertinent sections of the Restatement cited above, the initial four cases did

not terminate in favor of Mr. Pinardo because Appellees subsequently instituted proceedings based on the same offense. *See* Comment to Restatement (Second) of Torts § 660 ("[T]he abandonment of criminal proceedings is not a termination in favor of the accused if they were abandoned for the purpose of bringing other proceedings for the same offense and other proceedings are thereafter instituted within a reasonable time."). In addition, the parties resolved the fifth and final case — referred to by the parties as case number 100404471 — at a settlement conference before the trial judge. Under *D'Elia*, such a settlement does not constitute a termination in favor of Mr. Pinardo. *See D'Elia*, 933 A.2d at 122 ("A withdrawal of proceedings stemming from a compromise or agreement does not, as a matter of law, constitute a termination favorable to the party against whom proceedings have been brought originally.") (citation omitted); *Robinson*, 525 A.2d at 370 ("[T]ermination, other than by acquittal, is not sufficient to meet the requirement of a cause of action when it is the result of compromise, … or when new proceedings based on the same offense have been instituted and have not been terminated in favor of the accused."). Consequently, we affirm the trial court's determination that the underlying proceedings did not terminate in favor of Mr. Pinardo, and agree that he cannot sustain a wrongful use of civil proceedings action against Appellees.

Next, in issue V above, Mr. Pinardo contests the trial court's imposition of sanctions by challenging whether Appellees "prove[d] [Mr. Pinardo] did

not reasonably believe [Appellee Silvestro's] conduct constituted gross negligence and did not reasonably believe the unsubstantiated allegations made in each of [Appellee Silvestro's] 5 wrongful actions had no basis in law or fact." Mr. Pinardo's Brief at 5. He suggests that Appellee Silvestro did not "prove an improper purpose, that the legal contentions were not consistent with existing law, and that the factual allegations were false." *Id.* at 30. We review the trial court's decision for an abuse of discretion. *See Dean v. Dean*, 98 A.3d 637, 644 (Pa. Super. 2014) (citations omitted).

Here, the trial court granted Appellees' motion for sanctions pursuant to Pennsylvania Rule of Civil Procedure 1023.1(c)(2). Rule 1023.1 states, in applicable part, the following:

> (b) Every pleading, written motion, and other paper directed to the court shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. []

> (c) The signature of an attorney or *pro se* party constitutes a certificate that the signatory has read the pleading, motion, or other paper. By signing, filing, submitting, or later advocating such a document, the attorney or *pro se* party certifies that, to the best of that person's knowledge, information and belief, formed **after an inquiry reasonable under the circumstances**,

> \*\*\*

> (2) **the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law**,

> \*\*\*

> (d) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (c) has been violated, the

court may, subject to the conditions stated in Rules 1023.2 through 1023.4,[10] impose an appropriate sanction upon any attorneys, law firms and parties that have violated subdivision (c) or are responsible for the violation.

Pa.R.C.P. 1023.1(b)-(d) (emphasis added). Further, Rule 1023.2 provides, in relevant part:

(a) An application for sanctions under this rule shall be made by motion, shall be made separately from other applications and shall describe the specific conduct alleged to violate Rule 1023.1(c).

(b) No such motion shall be filed unless it includes a certification that the applicant served written notice and demand to the attorney or *pro se* party who signed or filed the challenged pleading, motion or other paper. ***The certification shall have annexed a copy of that notice and demand, which shall identify with specificity each portion of the document which is believed to violate the provisions of this rule, set forth the basis for that belief with specificity, include a demand that the document or portion of the document, be withdrawn or appropriately corrected.*** An application for sanctions may be filed if the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected within twenty-eight days after service of the written demand. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

Pa.R.C.P. 1023.2(a)-(b) (emphasis added).

In explaining its basis for imposing sanctions, the trial court in this case reasoned:

[Appellee Silvestro's counsel, Daniel Strick, Esq.] sent a letter on January 28, 2015 to [Mr. Pinardo's] counsel. In his letter, [Appellee] Silvestro's counsel announced his belief that the complaint was not warranted by existing law or by a non

---

[10] In short, Rule 1023.4 relates to what the sanctions imposed may consist of, or include. Pa.R.C.P. 1023.4.

frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. ***See*** Pa.R.C.P. 1023.1(c)(2). The letter sent by [Appellee Silvestro's] counsel explained that [Mr. Pinardo] could not establish that the underlying cases terminated in [Mr. Pinardo's] favor. The letter finally gave notice that a Motion for Sanctions would be forthcoming. [Mr. Pinardo] did not dismiss the complaint.

Mr. Strick, on behalf of [Appellee] Dorsey, sent another letter on October 2, 2015 after the default judgment against [Appellee] Dorsey was opened by the court. The October 2, 2015 letter reiterated the position set forth in [Appellee] Silvestro's January 28, 2015 letter. [Mr. Pinardo] did not dismiss the complaint.

[Appellees] brought their Motion for Sanctions for the proper purpose under Pa.R.C.P. 1023.1(c)(2) and followed the necessary procedure of informing the opposing party in advance and with specificity of their intent to do so. [Mr. Pinardo] pushed forward with a lawsuit judicially determined to be frivolous, for which he was appropriately sanctioned by this [c]ourt.

TCO at 9-10 (citations to record omitted).

In the letters sent on behalf of Appellee Silvestro on January 28, 2015, his counsel wrote — without citation to any specific authority in support — the following:

As you are well aware, to succeed on the claims asserted against [Appellee] Silvestro, your client must establish: 1) the underlying proceedings were terminated in his favor, ***after a determination on the merits***; 2) defendants caused those proceedings to be instituted against plaintiff without probable cause, and 3) the proceedings were instituted primarily for an improper cause.

As a result of the procedural dismissals and the ultimate settlement of the underlying actions, ***the court never ruled on the merits of the underlying actions***. Accordingly, there can be no debate that [Mr. Pinardo] will not be able to establish all of the elements against [Appellee] Silvestro.

- 24 -

*See* Appellee Silvestro's Motion for Sanctions against Anthony Quinn, Esq. Pursuant to Rule 1023.1, *et seq*., 10/6/2015, at Exhibit 4 (January 28, 2015 Letter from Daniel S. Strick, Esq. to Anthony B. Quinn, Esq.) (emphasis added). Likewise, in the October 2, 2015 letter sent on behalf of Appellee Dorsey, his counsel states that Mr. Pinardo cannot establish that "the underlying proceedings were terminated in his favor, ***after a determination on the merits***." ***See*** Appellee Silvestro's Motion for Sanctions against Anthony Quinn, Esq. Pursuant to Rule 1023.1, *et seq*., 10/6/2015, at Exhibit 8 (October 2, 2015 Letter from Daniel S. Strick, Esq. to Anthony B. Quinn, Esq.) (emphasis added).

Yet, as discussed *supra*, a judgment on the merits is not required to establish a claim for wrongful use of civil proceedings, which undermines the assertions made by Appellees' attorney in the letters to Mr. Pinardo's attorney, as well as the trial court's opinion. In light of ***Robinson***, ***Shaffer***, and the sections of the Restatement cited above, we do not believe that Mr. Pinardo's inquiry into existing law was so unreasonable as to warrant sanctions, especially given that Appellees' counsel inaccurately represented existing law in his notices pursuant to Pa.R.C.P. 1023.2.[11] Therefore, we

---

[11] Indeed, Mr. Pinardo asserts — somewhat facetiously we believe — that "[Appellee Silvestro] fails this prong[, Pa.R.C.P. 1023.1(c)(2),] because he had no evidence [Mr. Pinardo] and his counsel were on notice … ***Shaffer***…, ***supra***,…***Robinson***…, ***supra***[, and] cases adopting Restatement (2nd) of Torts § … 674…[,] are not the law in Philadelphia County or in [the trial judge's] courtroom." Mr. Pinardo's Brief at 31.

believe that the trial court abused its discretion in granting Appellees' motions for sanctions. As such, we reverse its orders imposing sanctions and vacate the February 17, 2016 order awarding attorneys' fees.[12]

Order affirmed in part and reversed in part. Award of attorneys' fees vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2017

---

[12] In light of our disposition, we need not address Mr. Pinardo's remaining issues and Appellees' cross-appeal.